# IN THE COURT OF APPEALS OF IOWA

No. 18-2225
Filed February 20, 2019

**IN THE INTEREST OF M.S., M.S., M.S., and M.S.,**
**Minor Children,**

**A.S., Father,**
    Appellant.
_____

    Appeal from the Iowa District Court for Chickasaw County, Linnea M.N. Nicol, District Associate Judge.

    A father appeals the termination of his parental rights in his four children. **AFFIRMED.**

    William P. Baresel of Prichard Law Office, PC, Charles City, for appellant father.

    Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

    Nathaniel Schwickerath, New Hampton, attorney and guardian ad litem for M.S., M.S., and M.S.

    Jamie L. Schroeder, Waterloo, attorney and guardian ad litem for M.S.

    Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**McDONALD, Judge.**

Anthony appeals from an order terminating his parental rights in his four children. The juvenile court terminated Anthony's parental rights pursuant to Iowa Code section 232.116(1)(e) and (f) (2018). On appeal, Anthony does not contest the sufficiency of the evidence supporting the statutory grounds authorizing the termination of his parental rights. Instead, he contends it is not in the children's best interest to terminate the parent-child relationships. This court reviews "proceedings terminating parental rights de novo." *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The record reflects the children were removed from the home in December 2016 when two of the children were seriously injured in a car accident. Anthony caused the accident by driving under the influence of methamphetamine and marijuana. After removal, the parents were largely unavailable and otherwise not responsive to services. At the time of the termination hearing, Anthony was incarcerated on a fifteen-year sentence arising out of the traffic accident. At the same time, the mother was commencing her own lengthy prison sentence for various drug offenses. As the juvenile court noted, the children will be of majority age by the time the parents discharge their respective sentences.

Anthony recognizes he was not able to care for the children at the time of the termination hearing, but he contends the juvenile court should have maintained the parent-child relationships and placed the children in a guardianship. Specifically, the children were placed with their adult sister, and Anthony requests she serve as the children's guardian while he is incarcerated. We conclude Anthony's proposed arrangement is not in the best interest of the children.

When considering the children's best interest, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). We consider both the long-term and immediate interests of the children. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). We evaluate "evidence of the parent's past performance, [because it] may be indicative of the quality of future care that parent is capable of providing." *In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) (quoting *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000)); *accord J.E.*, 723 N.W.2d at 798. We give substantial weight to case history records in assessing a parent's ability to provide care in the future. *See In re S.N.*, 500 N.W.2d 32, 34 (Iowa 1993).

Here, there are no considerations that support maintaining the parent-child relationships. Anthony has not provided stability for the children. There is little reason to believe this will change upon the discharge of his sentence. More important, "a guardianship is not a legally preferable alternative to termination." *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017). To the contrary, termination is preferable under the circumstances presented. Both parents are serving lengthy prison sentences and will be unavailable to the children. The children need permanency now. Terminating the parents' respective rights allows the children to be adopted by their older sister, who can then receive some financial support for the care of the children.

On de novo review, we conclude termination of Anthony's parental rights is in the best interest of the children. We affirm the judgment of the juvenile court.

**AFFIRMED.**